IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,011-02




EX PARTE ROY DURWOOD BRISTOW, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2011F00150-A IN THE 5TH DISTRICT COURT
FROM CASS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson and
sentenced to eight years’ imprisonment. He did not appeal his conviction.
            Applicant contends that pursuant to the plea agreement, he would receive pre-sentence credit
for time served since September 2, 2011. According to the judgment, he was credited with one day
of pre-sentence time. He now contends that the plea agreement was breached. 
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall determine whether Applicant pleaded guilty pursuant to an agreement
that he would receive pre-sentence credit for time served since September 2, 2011. If this credit was
part of the plea agreement, the trial court shall also determine whether Applicant is receiving this
credit and whether the agreement was breached. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: June 4, 2014
Do not publish